Sean C. Serpe, Esq. (SS-6810)
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone)(212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHELE ROSATI,

                    Plaintiff,

v.

PALISADES COLLECTION LLC and
PRESSLER & PRESSLER LLP, Jointly
And Severally

                    Defendants.
-----------------------------------------------------------x



JUDGE CHIN

08 CV 1725

**COMPLAINT**

**Demand for Jury Trial**

      Plaintiff MICHELE ROSATI (the "Plaintiff" or "Rosati"), through her attorneys PELTON SERPE LLP, files this Complaint against defendant PALISADES COLLECTION LLC ("Palisades") and PRESSLER & PRESSLER LLP ("Pressler" and, together with Palisades, the "Defendants"), for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "Fair Debt Collection Practices Act" or the "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "Fair Credit Reporting Act" or the "FCRA"), and in support thereof alleges as follows:

### Introduction

      1.    This is a civil action for actual and statutory damages arising from Defendants' violations of the FDCPA and the FCRA. The Defendants instituted a collection action against Plaintiff arising out of an AT&T cellular telephone account—which account was

1

not hers, but rather, was opened as a result of identity theft. The Plaintiff worked with the Defendants to clear her credit report of this fraudulent account—making police reports and affidavits averring to the falsity of these accounts. Notwithstanding these efforts, the Defendants continued (and continue) to report this account on her credit report as her own—even allowing a default judgment to remain on the public record. The Plaintiff now seeks redress under the FDCPA and the FCRA, declaring this conduct violative of both statutes, and awarding her both statutory and actual damages to remedy her suffering from this egregious conduct.

## Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 & 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## Parties

3. The Plaintiff, Michele Rosati, is a natural person residing in the County of New York, State of New York, and she resides within this District.

4. The Plaintiff is a "consumer" as that term is defined in Section 1692(a)(3) of the FDCPA, in that the alleged debt that the Defendants sought to collect from her is a consumer debt.

5. On information and belief, defendant Palisades is a foreign limited liability corporation transacting business within New York City, County and State.

6. On information and belief, Palisades is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

7. On information and belief, Palisades is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

8. On information and belief, defendant Pressler is a law firm with offices located at 16 Wing Drive, Cedar Knolls, New Jersey 07927.

9. On information and belief, defendant Pressler is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

10. On information and belief, defendant Pressler is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

### Factual Allegations

11. On or about August 1, 2005, defendant Palisades filed a lawsuit against the Plaintiff in New York City Civil Court, County of Kings, entitled *Palisades Collection, L.L.C. v. Michele Rosati*, Index No. 73223/05 (the "Lawsuit").

12. The Lawsuit sought damages and monies owed on an AT&T cellular telephone account.

13. Plaintiff never had such account with AT&T.

14. A person other than the Plaintiff opened the account in the Plaintiff's name without her prior knowledge or consent.

15. The Plaintiff was a victim of identity theft.

16. The Complaint was served on Plaintiff at an address where she never had resided.

17. The Defendant Palisades and Pressler obtained a default judgment against the Plaintiff on or about early 2006.

3

18. The Plaintiff became aware of the Lawsuit when her bank account was frozen in connection with the enforcement of the default judgment.

19. On or about March 22, 2006, the Plaintiff moved to vacate the default judgment, which was thereafter vacated.

20. Subsequently, the Plaintiff through her counsel produced to Pressler a fraud affidavit, a police report indicating the account to be fraudulent a FTC identity theft complaint (the "Identity Theft Documents").

21. In or about the beginning of 2007, on information and belief, the Defendants acknowledged that the account was not in fact Plaintiff's account, Plaintiff requested that Defendants resolve the false reporting and Defendants agreed to dismiss the underlying action.

22. Despite this acknowledgment and the production of the Identity Theft Documents, the Defendants have refused to dismiss the underlying the action.

23. Moreover, Defendants continue to report the account as valid to the credit reporting agencies, failing to vacate the underlying judgment.

24. Attached as Exhibit A is a copy of the relevant portion of Plaintiff's credit report indicating the false reporting of the AT&T account.

25. By letter dated May 1, 2006, the Plaintiff requested that the Credit Reporting Agencies investigate the AT&T account.

26. To date, Defendants have continued to improperly report the account as valid, causing Plaintiff to suffer actual damages, as a result of her impaired credit record, in an amount to be ascertained at trial.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

27. The Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

28. The defendants Palisades and Pressler violated the FDCPA in numerous ways, including, but not limited to, the following:

   a. Falsely reporting the debt on the Plaintiff's credit reports with Experian, Equifax, and Transunion when Plaintiff, in fact, does not owe money to AT&T or Defendants.

   b. Falsely reporting the debt on the Plaintiff's credit report and failing to show the collection account as "disputed".

   c. Suing the Plaintiff when there was no basis to do so;

   d. Continuing to assert the suit in NYC Civil Court when the Defendants knew, or should have known, there was no basis for doing so.

   e. Engaging in collection activities on a debt that the Plaintiff does not owe and that the Defendants have acknowledged that they are not entitled to collect upon.

29. As a result of the violations of the FDCPA, the Defendants Palisades and Pressler are liable to the Plaintiff for declaratory judgment that their conduct violated the FDCPA, and that the Plaintiff's actual damages as further expressed herein, statutory damages, and cost and attorney's fees.

## SECOND CAUSE OF ACTION

### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

30. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

31. Defendant Palisades and Pressler are entities who regularly and in the course of business, furnish information to one or more consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

32. The Plaintiff notified Defendants Palisades and Pressler directly of a dispute with regard to Palisades' accounts, disputing the accuracy and completeness of the information reported.

33. The Plaintiff alleges that at all relevant times the Defendants Palisades and Pressler failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

34. The Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation.

35. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm the Plaintiff and/or that their actions were taken in violation of the FCRA and/or that knew or should have known that their actions were reckless disregard of the FCRA.

36. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff MICHELE ROSATI respectfully requests that judgment be entered against the Defendants PALISADES COLLECTION LLC and PRESSLER & PRESSLER LLP for the following:

A. Actual damages, as to be proven at trial, pursuant to 15 U.S.C. § 1681o(a);

B. Statutory damages pursuant to 15 U.S.C. § 1692k and § 1681n(a);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Attorneys' fees, litigation expenses and costs incurred in bringing this action;

E. For such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Please take notice that the Plaintiff demands trial by jury in this action.

Dated: New York, New York
February 20, 2008

Respectfully submitted,

PELTON SERPE LLP
Attorneys for the Plaintiff

Sean C. Serpe

Sean C. Serpe, Esq. (SS-6810)
111 Broadway, Floor 9
New York, New York 10006
(212) 725-3600

# experian

☒ Close

Online Personal Credit Report from Experian for

Experian credit report prepared for
**MICHELE ROSATI**
Your report number is

Report date:
04/16/2007

Index:
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Contact us
- Know your rights

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. Experian makes your credit history available to your current and prospective creditors, employers and others as allowed by law, which can expedite your ability to obtain credit and can make offers of credit available to you. We do not grant or deny credit; credit grantor makes that decision based on its own guidelines.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Potentially Negative Items

## Public Records

Credit grantors may carefully review the items listed below when they check your credit history. Please note that the account connected with some public records, such as bankruptcy, also may appear with your credit items listed later in this report.

**KINGS COUNTY CLERK**

Address:
360 ADAMS ST
BROOKLYN, NY 11201
No phone number available

Status:
Civil claim judgment.

Date Filed          Claim Amount
10/21/2005          $1,654

NA                  NA

Responsibility:
Individual

Y ITEM DISPUTED BY CONSUMER

PALISADES COLLECTION LLC.

This item is scheduled to continue on record until Oct 2012
This item was verified and updated on Jan 2006.

## Accounts in Good Standing

**AMEX**
Address:                Account Number

file://C:\Documents%20and%20Settings\Administrator\My%20Documents\Credit%20Repo...   5/9/2007